THE BOARD OF HEALTH OF THE BOROUGH OF GLEN RIDGE v. GEORGE H. WERNER AND THOMAS F. COGAN, PROSECUTORS.

Argued June 15, 1901—Decided November 11, 1901.

1. An ordinance which imposes a penalty for failure to file with the secretary of the board of health a plan of the contemplated plumbing work, "signed by the owner," will not be held to impose a liability to such a penalty upon the plumber who may be engaged by the owner to do the work. The duty imposed by the ordinance is cast upon the owner, and he only is liable for such failure.
2. A penal ordinance will not be held to create a liability where the words are not clear in fixing it.

On *certiorari.*

· Before Justices VAN SYCKEL, FORT and GARRETSON.

For the prosecutors, *Leonard Kalisch.*

For the defendant, *McCarter & Adams.*

The opinion of the court was delivered by

FORT, J. The complaint in this case charges that the defendants "did construct a plumbing and drainage system, or a portion thereof, of the building situated at the corner of Ridgewood avenue and Baldwin street, on the north side, in

the said borough of Glen Ridge, without their having first filed with the secretary of said board of health a plan thereof, signed by the owner, showing the said plumbing and drainage system entire, and without the approval of the said board of health having first been secured therefor." The ordinance in question reads as follows:

"Sec. 76. Before any portion of the plumbing and drainage system of any building shall be constructed there shall be filed with the secretary of the board of health a plan thereof, signed by the owner, showing the said plumbing and drainage system entire, from its connection with the sewer, cesspool or vault, throughout the entire building, together with the location of all fixtures, traps, ventilating pipes, &c. Said plan must be approved and the name of the plumber attached thereto before any portion of the work shall be executed," &c.

The complaint seems to charge two offences:

*First.* Constructing the work "without their having first filed with the secretary of the board of health a plan thereof, signed by the owner."

*Second.* Because they constructed the work "without the approval of the board of health being first secured therefor."

We think that there is no penalty imposed upon the plumber for the failure to file with the secretary of the board "a plan thereof, signed by the owner, showing the said plumbing and drainage system entire." The ordinance does not say that the plumber must do that. It does say that such plan shall be filed, "signed by the owner;" and if the duty to file is cast upon anyone, it would seem to be upon the owner. A plumber will not be held to this duty by implication. Penal ordinances are construed strictly, and will not be held to create a liability where the words are not clear in fixing it.

Nor do we think that the provision of the ordinance which says "said plan must be approved and the name of the plumber attached thereto before any portion of the work shall be executed" makes it clear that the plumber must get such approval. A proper construction seems otherwise. The plumber does not have to sign. Is it not clear that this ordinance places

a duty upon the owner to file a signed plan of his work, and to attach thereto the name of the plumber who is to do it, and to then obtain the approval of the board of health thereto, with all this information before it? It is not necessary for the owner to do this in person; his architect, or even his plumber, may no doubt do it; but for a failure to do it he alone, as we construe this ordinance, is liable. It is his building, and his work that is to be done, and with the construction of his building that the board of health has concern. If it is desired to hold plumbers liable, the ordinance must say so specifically.

The conviction will be set aside.