THE BOARD OF HEALTH OF ASBURY PARK, DEFENDANT IN CERTIORARI, v. SAMUEL HAYES, PROSECUTOR.

Submitted July 2, 1909—Decided October 25, 1909.

1. Where a statute prescribes the form of a judgment to be entered upon the conviction of a defendant for the violation of a health ordinance, a judgment following the words of the statute is sufficient without setting forth the particular act or acts which it is alleged constitutes a violation.

2. Section 1 of the health ordinance of Asbury Park requires that before any plumbing shall be constructed in any building, a plan and description of the proposed work must be filed with the board of health before its execution, either by the owner, or by the plumber, or by some other person authorized by the owner, which plans are to be signed by the plumber and approved by the board of health before the plumbing is installed. *Held*, that it was the duty of the plumber to sign the plans and to see that they were filed and approved before proceeding with the work, and that his neglect to do so subjected him to the penalty imposed by the ordinance for its violation.

On *certiorari* to review conviction of prosecutor for violation of the sanitary code of the board of health of Asbury Park.

Before Justices REED, BERGEN and VOORHEES.

For the prosecutor, *Wesley B. Stout* and *John E. Lanning.*

For the defendant, *Patterson & Rhome.*

The opinion of the court was delivered by

BERGEN, J. The prosecutor was convicted for violating an ordinance of the city of Asbury Park, adopted by the board of health of that city regulating the plumbing, drainage, ventilating, lighting and heating of buildings. A complaint under oath was duly filed, charging that prosecutor and one Harry Glashon constructed certain plumbing work in a building in the city of Asbury Park without filing in the

office of the board of health of that city a plan or drawing signed either by the owner, or some person authorized by him, or by either of the defendants, who were the plumbers doing the work. The complaint also set forth with particularity the character of the work done.

The ordinance claimed to have been violated requires that "before any portion of the plumbing and drainage of any building shall be constructed or reconstructed, there shall be filed in the office of the board of health, by the owner or by the plumber, or by some other person authorized by the owner, a plan or drawing and written description thereof, signed by the owner, or some person authorized by the owner, showing the said plumbing and drainage entire."

After filing the foregoing complaint, a summons was issued and served upon both defendants, and the record shows that the defendants appeared on the return day and requested an adjournment, which was granted; that on the adjourned day the defendants were convicted "of violation of section 1 of an ordinance of said board of health entitled 'An ordinance governing and regulating the plumbing, draining, ventilating, piping and heating of buildings,' adopted August 22d, 1906, in summary proceedings at the suit of the board of health at the city of Asbury Park, plaintiff, upon a complaint made by Thomas J. Duffield." The judgment of conviction also set out the names of the witnesses who testified for the plaintiff; that no witnesses were sworn for the defendants, and judgment was thereupon entered in the form prescribed by *Gen. Stat., p.* 1642, § 41.

A number of reasons were filed, but it is only necessary to consider those relied upon by the prosecutor in his brief, upon which the cause was submitted.

The first point urged is that the judgment of conviction is not sufficiently definite, and to support this view, *Board of Health* v. *Werner,* 50 *Atl. Rep.* 585, is cited as holding that the judgment of conviction of the violation of a section "of the sanitary and plumbing code of the board of health" is not sufficient. But an examination of the same case reported in 38 *Vroom* 103, shows no such determination, and in ascer-

taining the views expressed by this court we must be governed by the duly-authorized report thereof. This court held in *Board of Health* v. *Rosenthal, Id.* 216, that a judgment of conviction is sufficiently expressed in this class of cases if it follows the statutory form, and a comparison of this judgment with *Gen. Stat., p.* 1642, § 41, will show that the form used in this case follows that prescribed by the statute, and is therefore sufficient.

The next point argued is that the plumber is not liable under the ordinance, and that therefore these defendants, as plumbers, are not required to file the plans as required by the ordinance. In support of this claim, *Board of Health* v. *Werner, supra,* is also cited, but that case manifestly does not apply to the present situation, because the ordinance claimed to have been violated there merely required a plan of the plumbing, "signed by the owner, to be filed with the secretary of the board of health," while the ordinance under consideration forbids the construction of any plumbing until a plan be filed by the owner, *or by the plumber,* and it further provides "that no portion of said plumbing or drainage work shall be executed until said plans and drawings and written description thereof shall have been approved by the board of health, and a written certificate of approval shall have been issued by the said board. Before approval, said plans, drawings and descriptions shall be signed by the plumber."

I am of opinion that this ordinance forbids any plumber from constructing any sanitary work of the character described in the complaint in this cause, until the plans required shall have been filed with the board of health either by the owner, or by the plumber, and that it is the duty of the plumber to know that the plans have been filed, signed by himself and approved by the board of health before he proceeds with the execution of the work. These defendants in proceeding with the execution of the work before the plans were filed and approved were guilty of a violation of the ordinance.

The only other objection urged, namely, that "there is no authority in law for the passing of the ordinance in question, and it tends to violate the rights of individuals in conducting

their business," is not supported by any argument, and is manifestly without any legal footing.

The result reached is that the judgment below will be affirmed, with costs.